GEORGE W. HENDRICKSON v. A. B. HARVEY et al,
No. 135.

1. COURTS OF APPEALS — *Parties* — *Review of Order of Substitution.* Where in an action to recover the contract price of 1,000 bushels of corn which the plaintiff claimed to have sold to the defendants, the amount sued for was deposited in court, and a third party was substituted as defendant in lieu of the persons against whom the action was instituted, and the plaintiff was required by the court to contest with such third party their respective rights to the proceeds of such sale, and a judgment was thereafter rendered that, of the sum so deposited in court, a certain specific portion should be paid to such substituted defendant, and the plaintiff thereupon instituted proceedings in error to this court, but failed to make the original defendants parties to such proceedings, *held*, that the question as to whether the trial court erred in such order of substitution cannot be inquired into.

2. INSTRUCTIONS, *Properly Refused.* No prejudicial error is committed by the trial court in refusing to give to the jury certain special instructions asked by the plaintiff where the propositions of law therein correctly stated have already been covered by the general instructions.

MEMORANDUM.—Error from Atchison district court; ROBERT M. EATON, judge. Action by George W. Hendrickson against A. B. Harvey and Webb Allison, copartners as Harvey & Allison, to recover upon a contract for the sale of corn. Judgment for Mrs. C. G. Parks, interpleader. Plaintiff brings the case to this court. Affirmed. The opinion herein, filed December 3, 1896, states the material facts.

*Solomon & Bland*, for plaintiff in error.

*Tufts & Crowell*, for defendant in error Mrs. C. G. Parks.

The opinion of the court was delivered by

CLARK, J. : Mrs. C. G. Parks was the owner of a farm in Atchison county, and, in the years 1888 and 1889, she rented the same to C. C. Phillips. By the terms of the lease Phillips agreed to pay her $100 per year for the grass land, and two-fifths of all the grain raised on the premises. In the year 1889, Phillips farmed, in addition to this land, several other tracts belonging to different owners. A portion of the corn which he raised on these several tracts of land was by him commingled with corn raised by him on the farm belonging to Mrs. Parks. Being indebted to one George Storch, he gave him a chattel mortgage on all of this corn. He was also indebted to one G. W. Hendrickson and to the firm of Harvey & Allison. In the months of January and February, 1890, he delivered to Harvey & Allison about 1,573 bushels of corn, and had remaining upon the Parks farm about 1,200 bushels, a portion of which had been raised on the other tracts of land above mentioned. Hendrickson claimed that 1,000 bushels of the corn which Phillips delivered to Harvey & Allison had been purchased by him from Phillips and sold to Harvey & Allison at an agreed price of 18½ cents per bushel, and he accordingly demanded that the purchase price thereof be paid to him. At that time Phillips had not settled with Mrs Parks for any portion of the rent for the year 1889, and still owed her the stipulated rent for the grass land for the year 1888. She claimed a lien on this corn, and demanded that Harvey & Allison

pay her the proceeds thereof, which they refused tᴑ do. She thereupon commenced two separate actiᴄn in justices' courts against Phillips, in March, 1890, and recovered judgments therein, one for $100, the amount due for the rent of the grass land for the year 1888, and the other for $253.70, the amount due her as rent for the year 1889. In each of these actions she caused an attachment to issue, which was levied on the 1,200 bushels of corn then on her farm in addition to some other property belonging to Phillips, and also caused a garnishment summons to be served on Harvey & Allison. On March 18 the garnishees answered, acknowledging themselves indebted to Phillips in the sum of about $250. This amount was on that day ordered to be paid into court to be applied upon these judgments, but the order was not complied with. After the levy of the attachment, Storch demanded possession of the 1,200 bushels of corn, which was covered by his mortgage, and a compromise was then effected between Storch and Mrs. Parks, whereby the latter released from the lien of attachment about 886 bushels. On March 29, 1890, Hendrickson brought this action against Harvey & Allison to recover the contract price for 1,000 bushels of corn which he claimed he had sold to them.

Although it is stated in the case made that all the pleadings are preserved therein, it is apparent from the record that such is not the case. The record does not contain an answer filed by Harvey & Allison, or recite that one was filed; yet, as Hendrickson filed what he denominated a "reply to the answer of Harvey & Allison," and which amounted to a general denial, it is probable that an answer was filed. And as the record contains an affidavit made by Harvey, wherein he states that he served on Mrs. Parks

a certified copy of a certain order, a copy of which was attached to the affidavit, and which purported to be an order of the court making Mrs. Parks a party defendant, and requiring her, within 10 days from the service on her of a copy thereof, to appear and maintain or relinquish her claim to the $185 sued for, being the alleged contract price of 1,000 bushels of corn which Hendrickson claimed to have sold to Harvey & Allison; and as the order recited that it was made on the application of the defendants, and the court required Harvey & Allison to "hold said sum of $185 in readiness to answer to and comply with the further orders of the court herein"; and as Mrs. Parks filed an answer in which she stated that she did so "by order of the court," and therein denied generally the allegations of the petition, and set out in detail the facts on which she relied to entitle her to recover the amount sued for by Hendrickson, to which answer the plaintiff replied by general denial, we think it is fair to assume that Mrs. Parks was substituted as defendant in lieu of Harvey & Allison, although no such order appears in the record, nor do we find therein the affidavit which is prescribed by section 43 of the code of civil procedure as the basis of such proceeding.

After the evidence had been introduced, the court instructed the jury that, under the pleadings and evidence, the plaintiff was entitled to recover from Harvey & Allison the sum of $196.22, being the amount sued for, with interest thereon, and also instructed the jury that, if they found certain facts to exist, Mrs. Parks would also be entitled to a verdict against Harvey & Allison for the amount of the balance due on the judgment obtained by her against Phillips. The jury returned a verdict in favor of the plaintiffs as

directed, and in favor of Mrs. Parks, against Harvey
& Allison, for $145.50. Harvey & Allison moved for a
new trial, and also moved for judgment in their favor.
In their motion for judgment, they recited the various
proceedings of the court by which Mrs. Parks had
been made a party to the action, the fact that the
court had directed them to hold the $185 sued for sub-
ject to its further order, and alleged that they were
ready to pay the said sum of money as should be di-
rected by the court. Thereupon the motion for a new
trial was sustained, Harvey & Allison were directed
to pay the $185 into court, and their motion for judg-
ment was overruled.

The record recites that " on February 8, 1892, the
second trial of this cause was had and begun, when
. . . Geo. W. Hendrickson objected to the trial of
this case on the order heretofore made by the court
relieving Harvey & Allison from their liability as de-
fendants herein, or excluding them in this case from
their full liability to the plaintiff, and to the inter-
pleader, or to Mrs. Parks, who had been brought into
this case " ; that Mrs. Parks also interposed a similar
objection and stated that she had no dispute with
Hendrickson, but claimed to be entitled to a judgment
against Harvey & Allison, but, should the court hold
that the corn mentioned in plaintiff's petition and in
her answer was in dispute, then "she desired to de-
fend her right to the fund, or the corn in this case."
These objections were overruled and exceptions were
duly saved. Numerous witnesses were examined,
special findings of fact were made, and a general ver-
dict returned in favor of Mrs. Parks for $145.40 against
Harvey & Allison, that being the amount which the
jury found to be due on her judgments against Phil-
lips. On this general verdict and special findings a

judgment was rendered, that of the $185 deposited in court $145.40 be paid to Mrs. Parks and the balance to Hendrickson. The plaintiff complains of the judgment and seeks a reversal thereof.

The first contention is that the court erred in substituting Mrs. Parks as defendant in lieu of Harvey & Allison. If the court made such order of substitution, it must have been done on the application of the original defendants. The judgment thereafter rendered in the action is binding upon them, and of this they are not complaining. If error was committed in substituting Mrs. Parks as defendant, this court cannot correct that error, as Harvey & Allison are not made parties to this proceeding. They evidently admitted a liability in favor of Hendrickson or of Mrs. Parks for $185, the proceeds of a sale of 1,000 bushels of corn which had been delivered to them by Phillips. Hendrickson claimed the right to recover by virtue of a pretended sale by him after having purchased from Phillips. Mrs. Parks not only controverted the allegation that Hendrickson had purchased the corn from Phillips and sold the same to Harvey & Allison, but she contended that she had a landlord's lien on the corn, and also that she was entitled to the proceeds of the sale by virtue of the garnishment proceedings to which reference has heretofore been made. The jury resolved the question in dispute in favor of Mrs. Parks. There was evidence tending to show that in January, 1890, Phillips contracted with Harvey & Allison for the sale to them of about 4,000 bushels of corn at 18½ cents per bushel, and that afterward this contract was canceled, and, on the same day, three new contracts were executed evidencing sales of corn to Harvey & Allison, as follows: By Storch, from 2,000 to 2,500 bushels, "taken

under chattel mortgage of C. C. Phillips "; by Hendrickson, 1,000 bushels, " to be delivered by C. C. Phillips under contract with Geo. W. Hendrickson "; and by Phillips, 900 bushels, " due the said Mrs. C. G. Parks for rent, which I authorize said Harvey & Allison to pay her before any other claim out of said corn delivered." There can be no question under the evidence that these three contracts had reference to the sale of the same corn which Phillips had, in January, contracted to sell to Harvey & Allison. The jury found that it was the agreement and understanding between Hendrickson, Phillips and Harvey that Mrs. Parks should be paid out of the first corn that should be delivered. This finding is supported by the testimony of Harvey.

The plaintiff in error also contends that the court erred in its general instructions to the jury, but the record does not show that the attention of the court was called to the errors of which complaint is made. We do not think any prejudicial error was committed in refusing the instructions which were asked by the plaintiff in error. The portions thereof which correctly stated the law applicable to the case are embodied in the general instructions. The special findings of the jury which are material to the issue, when considered as a whole, can be made to harmonize with one another and with the general verdict.

Being unable to discover any prejudicial error in the rulings of the court, the judgment will be affirmed.

All the Judges concurring.